EXHIBIT A

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MARY WALTER, on behalf of herself and all others similarly situated, | CIVIL ACTION – LAW |
| Plaintiffs, | NO. GD-15-5320 |
| v. | |
| BABCOCK LUMBER, INC., a Pennsylvania Corporation, CARL BORNTRAEGER, individually, COURTNEY BORNTRAEGER, individually, and R. JEFFREY KIMBALL, individually, | **CLASS ACTION COMPLAINT** |
| Defendants. | Filed on behalf of Plaintiffs |

Counsel of Record for these Parties:

James W. Carroll, Jr., Esquire
Pa. I.D. No. 21830

Ryan P. Stewart, Esquire
Pa. I.D. No. 209185

ROTHMAN GORDON, P.C
Firm No. 010
310 Grant Street, Third Floor
Pittsburgh, PA  15219
412-338-1117
jwcarroll@rothmangordon.com
rpstewart@rothmangordon.com

FILED
16 APR 22  PM 3: 13
DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY CO., PA

FILE COPY

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

MARY WALTER, on behalf of herself and all others similarly situated,

          Plaintiffs,

      v.

BABCOCK LUMBER, INC., a Pennsylvania Corporation, CARL BORNTRAEGER, individually, COURTNEY BORNTRAEGER, individually, and R. JEFFREY KIMBALL, individually,

          Defendants.

CIVIL ACTION – LAW

NO. GD-15-5320

**CLASS ACTION COMPLAINT**

Filed on behalf of Plaintiffs

Counsel of Record for these Parties:

James W. Carroll, Jr., Esquire
Pa. I.D. No. 21830

Ryan P. Stewart, Esquire
Pa. I.D. No. 209185

ROTHMAN GORDON, P.C
Firm No. 010
310 Grant Street, Third Floor
Pittsburgh, PA  15219
412-338-1117
jwcarroll@rothmangordon.com
rpstewart@rothmangordon.com

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| MARY WALTER, on behalf of herself and all others similarly situated, | CIVIL ACTION – LAW |
| | NO. GD-15-5320 |
| Plaintiffs, | |
| v. | |
| BABCOCK LUMBER, INC., a Pennsylvania Corporation, CARL BORNTRAEGER, individually, COURTNEY BORNTRAEGER, individually, and R. JEFFREY KIMBALL, individually, | |
| Defendants. | |

## <u>NOTICE TO DEFEND</u>

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty days (20) after this amended complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
The Allegheny County Bar Association
400 Koppers Building, 436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MARY WALTER, on behalf of herself and all
others similarly situated,

          Plaintiffs,

    v.

BABCOCK LUMBER, INC., a Pennsylvania
Corporation, CARL BORNTRAEGER,
individually, COURTNEY BORNTRAEGER,
individually, and R. JEFFREY KIMBALL,
individually,

          Defendants.

CIVIL ACTION – LAW

NO. GD-15-5320

### CLASS ACTION COMPLAINT

Plaintiff Mary Walter ("Ms. Walter" or "Plaintiff"), on behalf of herself and all others similarly situated, by undersigned counsel, files this Class Action Complaint and in support alleges the following:

### I.  PARTIES

1.  Ms. Walter is an individual residing at 7715 Cannon Street, Pittsburgh, Pennsylvania 15218.

2.  Defendant Babcock Lumber, Inc. (hereinafter "Babcock Lumber"), is a Pennsylvania corporation which was located at 2220 Palmer Street, Pittsburgh, Pennsylvania 15218.

3.  Defendant Carl Borntraeger (hereinafter, "Mr. Borntraeger") is or was the owner and an officer of Defendant Babcock Lumber at all times relevant to this

Complaint. As an owner, he had or has an active role in decision-making for the company.  He is sued in his individual capacity. His office was located at 2220 Palmer Street, Pittsburgh, Pennsylvania 15218.

4.      Defendant Courtney Borntraeger (hereinafter, "Ms. Borntraeger") is or was the owner and officer of Defendant Babcock Lumber at all times relevant to this Complaint. As an owner, she had or has an active role was decision-making for the company.  She is sued in her individual capacity. Her office is located at 2220 Palmer Street, Pittsburgh, Pennsylvania 15218.

5.      Defendant R. Jeffrey Kimball (hereinafter, "Mr. Kimball") is or was the President of Defendant Babcock Lumber at all times relevant to this Complaint. As President, he had or has an active role in decision-making for the company.  He is sued in his individual capacity. His office was located at 2220 Palmer Street, Pittsburgh, Pennsylvania 15218.

## II.  **FACTUAL BACKGROUND**

6.      Ms. Walter was employed by Defendant Babcock Lumber as a salaried employee at all times relevant to this Complaint.

7.      Ms. Walter began her employment with Defendant Babcock Lumber in 2000.

8.      In exchange for her services, Defendant Babcock Lumber paid Ms. Walter an annual salary.

9.      In addition to her salary, Defendant Babcock Lumber provided to Ms. Walter certain benefits.

2

10.     At all times relevant to this Complaint, as part of its benefits package, Defendant Babcock Lumber provided to its salaried employees severance benefits pursuant to a certain Severance Policy, a copy of which is attached to this Complaint as Exhibit A and incorporated herein.

11.     In addition to the Severance Policy, it was also the practice and custom of Babcock Lumber to provide severance benefits to salaried employees. Those benefits were identical to the benefits outlined in the Severance Policy.

12.     Upon information and belief, the decision to pay severance benefits, or to not pay severance benefits, was made by Mr. Borntraeger, Ms. Borntraeger, and/or Mr. Kimball.

13.     On November 3, 2014, Plaintiff, and all others similarly situated, as more fully described under the heading "Class Action Allegations" below, learned that Babcock Lumber would be sold and that their employment with Babcock Lumber would terminate.

14.     The termination of their employment with Babcock Lumber entitled Plaintiff and all others similarly situated to the severance benefits set forth in the Severance Policy or to the severance benefits that were provided to salaried employees as a matter of practice and custom by Babcock Lumber.

15.     As of the date of filing of this Complaint, Defendant Babcock Lumber has not paid to Plaintiff or to any others similarly situated any severance benefits that they are due.

### III. <u>CLAIMS</u>

### <u>COUNT I – BREACH OF CONTRACT</u>
### <u>PLAINTIFFS VS. DEFENDANT BABCOCK LUMBER</u>

16.     Plaintiff incorporates paragraphs 1 through 15 as though the same had been fully set forth at length herein.

17.     Defendant Babcock Lumber promised and agreed to pay Plaintiff and all others similarly situated the severance benefits.

18.     Defendant Babcock Lumber's actions in failing to pay Plaintiff and all others similarly situated the severance benefits they are owed constitutes a breach of the employment agreement Babcock Lumber had with its employees.

19.     The total amount of unpaid severance benefits due to Plaintiff and all others similarly situated is in excess of the arbitration limits of this Court.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, demands judgment against Defendant Babcock Lumber for damages in an amount in excess of the arbitration limits of this Court, together with costs, fees, interest and such further relief as this Court may deem just and appropriate.

### <u>COUNT II – UNJUST ENRICHMENT</u>
### <u>PLAINTIFFS VS. DEFENDANT BABCOCK LUMBER</u>

20.     Plaintiff incorporates paragraphs 1 through 19 as though the same had been fully set forth at length herein.

21.     Plaintiff and all others similarly situated conferred benefits upon Defendant Babcock Lumber with respect to the work they provided.

22.     By failing to pay Plaintiff and all others similarly situated the severance

4

benefits they had earned, Defendant Babcock Lumber appreciated, accepted and retained the benefits of Plaintiffs' work efforts under such circumstances that it would be inequitable for Defendant Babcock Lumber to retain said benefits without payment to Plaintiff and all others similarly situated for their efforts.

23.     Defendant Babcock Lumber has been unjustly enriched at the expense of Plaintiff and all others similarly situated by Defendant Babcock Lumber wrongly retaining the aforesaid benefits; thus, it would be inequitable and/or unconscionable for Defendant Babcock to retain the benefit of that work without payment of the severance benefits.

WHEREFORE, Plaintiff on behalf of herself and all others similarly situated, demands judgment against Defendant Babcock Lumber for damages in an amount in excess of the arbitration limits of this Court, together with costs, fees, interest and such further relief as this Court may deem just and appropriate.

## COUNT III – PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
## PLAINTIFFS VS. ALL DEFENDANTS

24.     Plaintiff incorporate Paragraphs 1 through 23 as though the same had been fully set forth at length herein.

25.     Plaintiffs' severance benefits are wages as defined by the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260, *et. seq.*

26.     Defendants are an employer as defined by the WPCL and jurisdiction is proper because Defendants employed Plaintiff and all others similarly situated in the Commonwealth of Pennsylvania at all times relevant to this litigation.

27.     Defendants have refused to pay Plaintiff and all others similarly situated

the severance benefits they are owed.

28.     The severance benefits have remained unpaid for more than 30 days.

29.     Defendants have not acted in good faith.  As a result, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, demands judgment against all Defendants for damages an amount in excess of the arbitration limits of this Court, plus liquidated damages, the costs of this action, and reasonable attorneys' fees, as provided by the WPCL.

### Class Action Allegations

30.     Paragraphs 1 through 29 above are incorporated herein by reference as if fully set forth.

31.     The Class consists of all individuals who (a) were salaried employees of Babcock Lumber on the date Babcock Lumber announced that the company was going to be sold, and (b) did not receive all or any portion of the severance benefits owed to them pursuant to the Severance Policy or Babcock Lumber's custom of paying severance benefits.  The Class is believed, upon information, to consist of more than 75 persons, and joinder of such a large number of Class Members is impracticable.

32.     The questions of law and fact relating to the Defendants' conduct, and the inequity or impropriety of that conduct, as more fully set forth above, are questions that are common to and affect the entire Class.  These common questions predominate over and are a necessary precedent to any questions affecting only individual Class Members.

33.     The claims of the named Class Representative are typical of the claims of the Class.

34.     While the Class is numerous, it is believed that Defendant Babcock Lumber and/or the other Defendants maintain extensive records relating to each Class Member, including, but not limited to, each Class Member's name, address, wage payment history, length of service with Defendant Babcock Lumber, and other historical information concerning each Class Member.

35.     Individual actions by members of the Class would, as a practical matter, be dispositive of the interest of any member who is not a party to such individual action, and may substantially impede his or her ability to protect his or her own interest.

36.     In view of the potential expenses of litigation, the separate claims of individual Class Members are likely insufficient to support dozens of separate actions. The Class Action is also the most expeditious and cost effective method of addressing the Defendants' conduct.

37.     The Defendants, as more fully set forth above, have acted and/or refuse to act on grounds generally applicable to the Class by engaging in conduct which is contrary to the contracts entered into and promises made with Class Members, and/or which violates the WPCL.

38.     It is believed and therefore averred that counsel for the Class Representative will diligently and adequately represent the interests of the Class. Said counsel is a partner in a well-respected firm consisting of approximately 30 attorneys with sufficient support staff to manage an action of this size. Counsel has litigated class actions in the past.

39.    The Class Representative, after reasonable inquiry, has determined that she has no conflict of interest in the maintenance of the class action, and has acquired adequate resources to assure that the interests of the Class will not be harmed.

Plaintiff demands a trial by jury.

                              ROTHMAN GORDON, PC

                               /s/ James W. Carroll, Jr.
                              James W. Carroll, Jr., Esquire
                              PA I.D. No. 21830
                              Ryan P. Stewart, Esquire
                              PA I.D. No. 209185

                              310 Grant Street, Third Floor
                              Pittsburgh, PA  15219
                              (412) 338-1117 – phone
                              (412) 281-7304 – fax
                              jwcarroll@rothmangordon.com
                              rpstewart@rothmangordon.com



## Severance Policy

In the event of an involuntary termination due to a reduction in force/downsizing, or separation due to lack of work, reorganization or economic conditions, Babcock Lumber Company provides a salary continuation for the affected employees. This does not apply to terminations for cause, refusal to be reassigned, or refusal to be relocated.

This policy applies to all exempt and non-exempt, full-time and part time employees. The rate of severance is based upon length of service with the Company.

The salary continuation is equivalent to two weeks' salary, in lieu of notice, plus one week for each year of service. All accrued, unused PTO will be paid out in combination with the severance / salary continuation, <u>up to a combined maximum</u> of twenty-six (26) weeks. Severance is calculated on base pay only.

Part-time employees will receive severance pay on a pro-rated basis in accordance with their scheduled hours.

Accrued but unused vacation will be paid out to the employee. PTO will stop accruing as of the effective date of termination. Any commissions earned to date of the termination will be paid out.

Health and Group Life Insurance coverage, if applicable, end on the last day of the month following the date of termination. Upon termination of coverage, COBRA notification will be forwarded.

CONFIDENTIAL



EXHIBIT

A

## VERIFICATION

I, MARY WALTER, verify that the statements contained in the CLASS ACTION COMPLAINT are true and correct to the best of my knowledge, information and belief. I understand that false statements contained herein are subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: April 21, 2016

Mary Walter

MARY WALTER

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Class Action Complaint has been served via regular mail and email on this 22 day of April, 2016, upon the following counsel of record:

> Peter J. Ennis, Esquire
> David J. Strauss, Esquire
> Buchanan Ingersoll & Rooney PC
> One Oxford Centre
> 301 Grant Street, 20th Floor
> Pittsburgh, PA   15219

ROTHMAN GORDON, P.C.

By: _____

Ryan P. Stewart, Esquire

ND: 4812-2410-9104, v. 1 | 62701-001